IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL A. BROWN, #617435,<br>   Plaintiff, | § § § | |
| v. | § § | 3:14-CV-2380-D-BK |
| CRAIG WATKINS, District Attorney, et al.<br>   Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 1, 2014, Plaintiff, a state inmate, filed a *pro se* letter complaint [Doc. 3], which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and *Special Order 3*. In response to a deficiency order, Plaintiff filed an amended complaint under 42 U.S.C. §1983. [Doc. 6]. The undersigned then granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

In 1990, Plaintiff pled guilty to two counts of aggravated sexual assault and was sentenced to thirty years' imprisonment on each count. *Brown v. State*, Nos. 90-190, 90-189 (22nd Judicial District Court, Caldwell County, Dec. 7, 1990). Plaintiff unsuccessfully challenged his convictions in both state and federal court. *Brown v. Johnson*, No. 1:98-CV-700 (W.D. Tex., Austin. Div. May 7, 1999) (accepting recommendation and dismissing habeas petition as time barred), *certificate of appealability denied*, No. 99-50490 (5th Cir. Sep. 28, 1999); *Brown v. Thaler*, No. 1:09-CV-912 (W.D. Tex., Austin Div., Dec. 29, 2009) (transferring successive application to the United States Court of Appeals for the Fifth Circuit); *In re Brown*, No. 09-51165 (5th Cir. Apr. 8, 2010) (denying leave to file successive application).

The amended complaint names as defendants Craig Watkins, the Dallas County District Attorney; Jeffrey Van Horn, the former District Attorney of Caldwell County; Richard Callahan, the police officer who initially arrested Plaintiff and questioned him; Charles Wright, Plaintiff's former court-appointed attorney; Carolyn Ann Spears, the state's main witness, who is now deceased; and Brad Livingston, the Executive Director of the Texas Department of Criminal Justice, where Plaintiff has been confined since being convicted. [Doc. 6 at 3]. In his motion for injunction, submitted shortly after the amended complaint, Plaintiff avers that he is suing the Defendants in their individual and official capacities for violating his constitutional rights in connection with his arrest and criminal prosecution. [Doc. 9 at 2]. He asserts that he was falsely arrested, that his court appointed counsel rendered constitutionally ineffective assistance of counsel, and that the Caldwell County District Attorney engaged in prosecutorial misconduct. [Doc. 9 at 4-5]. Plaintiff also maintains that his confession and guilty pleas were involuntary. [Doc. 9 at 5-7]. He requests that his underlying criminal convictions be dismissed, that he be released from confinement, and that he be granted monetary damages (nominal, compensatory, and punitive). [Doc. 6 at 4; Doc. 9 at 2, 10].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Insofar as Plaintiff seeks to challenge his state convictions, his request is not cognizable in this section 1983 action.  See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 498 (1973)) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").  Constitutional challenges to state court convictions are generally cognizable in federal habeas corpus actions after exhaustion of state court remedies.  See 28 U.S.C. § 2254.

Moreover, Plaintiff cannot satisfy the "under color of state law" requirement with respect to his former defense counsel for acts and omissions during his state criminal prosecution.[1]  See Polk County v. Dodson, 454 U.S. 312, 324-325 (1981) (public defender does not act under color of state law in representing a defendant in a criminal case); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) (same as to court appointed attorney).

In addition, the doctrine espoused in Heck v. Humphrey, 512 U.S. 477 (1994), bars any challenge to Plaintiff's state convictions under section 1983.  In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[1] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  West v. Atkins, 487 U.S. 42, 48 (1988).

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487.

In this case, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction[s]." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's convictions for aggravated sexual assault,[2] his claims are clearly barred by *Heck*. Accordingly, Plaintiff's complaint should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

Consequently, Plaintiff's civil rights complaint lacks any basis in law and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

SIGNED September 15, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE